PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Slander.

No. 1108.—Decided December 8, 1916.

SLANDER — MALICE — PRESUMPTION — INFORMATION. — All slanderous statements made publicly will be presumed malicious and will be actionable slander, and the presumption of malice is not destroyed by the fact that the accused had made the statement as a result of information received by him, for such information is not of the kind referred to in section 5 of the Slander Act.

The facts are stated in the opinion.
*Mr. Antonio Trujillo Güil* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Nicomedes Rivera took this appeal from a judgment of the District Court of Arecibo which convicted him of the offense of slander and sentenced him to a term of imprisonment. The complaint charged that at a meeting held on Tyson Square of Arecibo on the evening of March 8, 1916, in referring to the events which took place on that day at the place called "Campo Alegre," the appellant wilfully, falsely and maliciously expressed himself in the words which we copy from the complaint:

"That Alberto Gandía, acting as chief of police, prompted the police to do what they did; that the said Alberto Gandía, with a revolver in his hand, was the first one to fire the same and bring down a victim; that in view of the enormity of the act committed by him and the picture of horror presented, with tears in his eyes he said to the widow, 'Do not worry. I will pay you the wages which your husband earned,' concluding with the words, 'Assassins! robbers!' These words were used with the intention of discrediting Alberto Gandía and holding him up to contempt and of charging him with the commission of a crime; that is, taking the life of a human being unlawfully."

The evidence showed that at Campo Alegre on that day some strikers undertook to prevent some cartmen from going to work on the farm of Alberto Gandía, and when Gandía was informed of that fact by his overseer he went to the place with two policemen, it resulting that one person was killed and several wounded there, and that when the appellant returned to Arecibo from the place of the occurrence, where he went upon being told of it, he related the happenings to the public at the meeting in the manner and form set forth in the complaint.

The appellant pleads as the only ground of his appeal that there was no malice on his part, inasmuch as he merely repeated the facts as they were related to him at the place where they occurred. Even admitting this to be true, albeit it was not so shown by the evidence, for a preponderance

of the evidence established the fact that he made the statements as his own without referring to any information received by him, we would be forced to the conclusion that he made the statements maliciously; because, according to section 3 of the Act of March 9, 1911, defining and punishing the crime of slander, any slanderous statement made publicly, whether in the presence of the injured person or in his absence, shall be presumed to be malicious and shall constitute the crime of slander, the only exception to this rule being stated in section 5 of said act, according to which no oral, impartial and accurate account or exposition of judicial, legislative, or of any other official act, nor of the statements made while in the discussion, argumentation and debating of said acts, shall be considered malicious. If the appellant had made the statements imputed to him as a result of information received by him, that fact would not remove the presumption of malice which his act carries with it, because the statements were made in public and such information is not included in the exception of section 5 of the act.

The judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.